Welch, C. J.
It is very plain to us that the court was right in holding that Lucas was discharged from liability. It is enough to say that time was given without his consent, and against his express request, by an agreement which bound the bank. But we fail to see on what ground Boteler’s liability can be denied. As between him and the bank, his signature to the note, and its redelivery to the bank by Calhoun, were in legal effect the making of a new note by them. True, his signature was obtained by fraud u *389 lently representing that Lncas consented to the arrangement; but this was the fraud of Calhoun, and the bank was in no sense a party to it. Calhoun, in procuring the signature of Boteler, did not act as the agent of the bank, .as counsel seem to suppose. He acted entirely on his own behalf and for his own interest, and the cashier of the bank merely consented that he might do so. All the bank ■did was to agree that if Calhoun would procure the name of Boteler to the note, the ten days’ further time would be given. The cashier insisted that the note should be paid, and the substitution of the new name upon the note was a matter between Calhoun and Boteler alone.
Ve think, therefore, that as to Boteler these judgments 'must be reversed. As to Lucas, they will be affirmed.

Judgment accordingly.

White, Rex, Gilmore, and McIlvaine, J.J., concurred.